| | |
|---|---|
| ROGER J. PEVEN<br>WSBA #6251<br>Law Office of Roger J. Peven<br>1408 W. Broadway Ave.<br>Spokane, WA 99201<br>Telephone: 509-323-9000<br>Email: rjpeven@gmail.com | JUSTIN P. LONERGAN<br>WSBA #55216<br>Bohrnsen Stocker Smith, PLLC<br>312 W. Sprague Ave.<br>Spokane, WA 99201<br>Telephone: 509-327-2500<br>Email: jlonergan@bsslslawfirm.com<br>**(CJA Mentee)** |

Attorneys for Defendant – Gordon Lee McVay

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                             )<br>              Plaintiff,                               )<br>                                                             )<br>     vs.                                                  )<br>                                                             )<br>GORDON LEE McVAY,                    )<br>                                                             )<br>              Defendant.                          )<br>_____) | CASE NO. 2:21-CR-0054-WFN<br>CASE NO. 2:21-CR-0055-WFN<br><br>DEFENDANT GORDON LEE<br>McVAY'S REPLY IN SUPPORT<br>OF AMENDED MOTION TO<br>SUPPRESS<br><br>*Evidentiary Hearing Set for<br>March 1, 2022 at 9:00 a.m.* |

## REPLY

A.   <u>The Evidence Exceeds the Initial Required *Franks* Showing</u>

The Government cannot avoid a <u>Franks</u> hearing by assuming the truth of its own conclusion, i.e., that WPD's omissions would not have mattered to a warrant judge.  <u>Franks</u> exists as check to ensure that government agents do not skew or

**DEFENDANT'S REPLY IN SUPPORT OF
AMENDED MOTION TO SUPPRESS - 1**

tailor warrant applications to fit their presupposed conclusions about a suspect. United States v. Stanert, 762 F.2d 775, 780 (9th Cir. 1985). The police do not get to presume that a judge will evaluate a situation in the same way they do. United States v. Esparza, 546 F.2d 841, 844 (9th Cir. 1976) (emphasizing the independent role of magistrates). As such, the Government does not get to dismiss demonstrated omissions and misrepresentations in Wenatchee Police Department's warrant applications merely because it subjectively believes that the misrepresentations and omissions did not matter.

The misrepresentations and omissions are particularly material because the Government's case for probable cause rested on the uncorroborated statements of an *ad hoc* "source." That is the critical distinction from United States v. Rumney. ECF No. 62, Gov't Response at pg 10, citing 867 F.2d 714, 720 (1st Cir. 1989). In Rumney, the source was the defendant's accomplice whose identity was known and whose involvement in the bank robbery at issue was corroborated by third-party witnesses. Here, though, the CI's identity was withheld from the warrant judge and the representations against Mr. McVay were *uncorroborated*. Information regarding the CI's credibility was therefore crucial to the probable cause determination. Yet, WPD denied the warrant judge the full picture.

The facts similarly refute the Government's suggestion that WPD's use of

**DEFENDANT'S REPLY IN SUPPORT OF
AMENDED MOTION TO SUPPRESS - 2**

the term CI was not misleading. The problem with the Government's argument is that only one day before applying for the McVay warrant, the same officers went to the same judge and represented that the same CI's *lies* supported a search of her vehicle. WPD cannot one day swear that a suspect is a *liar* only to turn around the next and swear that the same suspect is now a reliable "confidential informant." Labels *do* matter.

The Government's response appears to raise another <u>Franks</u> issue that needs to be vetted at a hearing. The issue is whether WPD's warrant application accurately represented the incentives to the source in exchange for her "information." On the one hand, the warrant application says that the source wanted to provide information in "consideration" for her "pending charges." <u>See</u> Ex. C to ECF No. 61, <u>First Warrant Decl</u>., pg 3. On the other hand, the Government's response appears to suggest that the source was offered "*no felony charges*" as consideration for her cooperation. ECF No. 62, pg 11 (emphasis added). There is a massive difference in the coercive effect as between a routine offer by law enforcement to put in a good word with the prosecutor versus a promise by law enforcement to not prosecute in the first place. If the latter was indeed the case, WPD should absolutely have made the state judge aware that their "source" stood to get off scot free on a serious drug distribution offense for which

**DEFENDANT'S REPLY IN SUPPORT OF
AMENDED MOTION TO SUPPRESS - 3**

1 she had been caught red handed.   This is yet another basis for the <u>Franks</u> hearing.

2       The evidence confirms, well beyond the required preliminary showing, that 3 the omissions and misstatement were, at a minimum, reckless.   The same officers 4 handled the source's and Mr. McVay's case.   The warrants against the source and 5 Mr. McVay issued on consecutive days.   There was no attenuation between the 6 cases that would otherwise explain WPD's failure to disclose the source's known 7 untruthfulness.   The defense has met and exceeded its initial <u>Franks</u> showing.

8                     <u>Plain View and Plain Touch are Inapplicable</u>

9       The Government misses the crux of the issue as it seeks to apply plain 10 view/plain touch in finding the Ruger.   The key issue with the search is not that 11 Mr. McVay "had been convicted of a drug offense" (ECF No. 62, pg 15).   The 12 issue is whether it was "immediately apparent" to WPD that Mr. McVay *possessed* 13 the weapon.   <u>See</u> <u>United States v. Lemus</u>, 582 F.3d 958, 964 (9th Cir. 2009). 14 WPD simply assumed that it was Mr. McVay's weapon, notwithstanding the fact 15 they had already found several other weapons in the home up to that point, none of 16 which they had attributed to Mr. McVay.   <u>See</u> Ex. D to ECF No 61, <u>Second</u> 17 <u>Warrant Decl</u>..   Plain view and plain touch are inapplicable.

18 //

19 //

20
**DEFENDANT'S REPLY IN SUPPORT OF
AMENDED MOTION TO SUPPRESS - 4**

### WPD Lacked Probable Cause to Seize Mr. McVay's Motorcycle

The Government appears to concede that WPD had, *at best*, reasonable suspicion when they seized the motorcycle. ECF No. 62, pg 17 ("Officers seized the motorcycle based on *reasonable suspicion* that the fanny pack contained evidence of criminal activity" (emphasis added)). However, reasonable suspicion only applies to brief, investigative stops. Terry v. Ohio, 392 U.S. 1, 9 (1968). WPD went far beyond the typical roadside investigative stop and instead impounded the vehicle for further investigation. See Rodriguez v. United States, 575 U.S. 348, 355 (2015). Such a heightened intrusion required probable cause. United States v. Cervantes, 703 F.3d 1135, 1141 (9th Cir. 2012) (officer's "conclusory" statements failed to establish probable cause to search subject's vehicle). Officer Gonzalez could not seize the motorcycle on the pretense that he was applying for a warrant when he had not yet established probable cause. The fact Officer Gonzalez ordered a dog search instead of requesting the purported warrant only further undermines a claim that WPD had the requisite suspicion. Any evidence from the motorcycle search must be suppressed.

### Abandonment is Inapplicable

Mr. McVay did not abandon his reasonable expectation of privacy in the fanny pack. ECF No. 62, pg 17. He affirmatively told the officers that he

intended to contest any search. Mr. McVay was well within his constitutional rights to tell the police that they were exceeding theirs.

Moreover, a key exception to the idea of abandonment is that "[a]ny denials [of ownership] which occur during an illegal investigatory stop, or after a lawful detention becomes unlawful […] are tainted and cannot be considered." United States v. Anderson, 663 F.2d 934, 939 (9th Cir. 1981). The exception would apply in this case because WPD unlawfully extended the traffic stop by asking about matters wholly unrelated to a suspended license charge. ECF No. 61, pgs 30-31.

## CONCLUSION

Mr. McVay is entitled to a Franks hearing because of demonstrated, material omissions and misrepresentations on WPD's part in securing a warrant against him. When viewed in its totality, the preponderance of the evidence amply confirms that the warrant was invalid, and that the Court should suppress the evidence stated in Mr. McVay's opening brief.

Respectfully Submitted this 23rd day of February, 2022.

LAW OFFICE OF ROGER J. PEVEN

  /s/ Roger J. Peven
ROGER J. PEVEN
Attorney for Defendant

**DEFENDANT'S REPLY IN SUPPORT OF
AMENDED MOTION TO SUPPRESS - 6**

BOHRNSEN STOCKER SMITH PLLC

    */s/ Justin P. Lonergan*
JUSTIN P. LONERGAN
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of February, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

George J.C. Jacobs III, Assistant United States Attorney

    */s/ Justin P. Lonergan*
JUSTIN P. LONERGAN

**DEFENDANT'S REPLY IN SUPPORT OF AMENDED MOTION TO SUPPRESS - 7**